EXHIBIT A

IN THE CIRCUIT COURT OF THE
4TH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY

ZUSEL DIAZ MUNOZ,

    Plaintiff,

CASE NO.:

vs.

WAL-MART STORES EAST, LP,
a Foreign Limited Partnership and
JOHN DOE, Employee/Manager,

    Defendants.

_____/

## COMPLAINT

COMES NOW, Plaintiff, ZUSEL DIAZ MUNOZ, by and through the undersigned counsel, sues Defendants, WAL-MART STORES EAST, LP, a Foreign Limited Partnership and JOHN DOE, Employee/Manager, and states:

1. This is an action for damages that exceeds the minimum jurisdictional amount of this Court.

2. At all material times, Plaintiff, ZUSEL DIAZ MUNOZ, was and is a resident of Duval County, Florida.

3. At all material times, Defendant, WAL-MART STORES EAST, LP (hereinafter "WAL-MART"), was a Foreign Limited Partnership, that is registered to do business in Florida, and which does business throughout the State of Florida, including Duval County, Florida.

4. Venue is proper in Duval County, Florida, as Defendant, WAL-MART, does business in Duval County, Florida; the subject incident occurred at or near 8808 Beach Blvd. Jacksonville, Duval County, Florida; and the witnesses and evidence are primarily located in Duval County, Florida.

**FACTUAL ALLEGATIONS**

Plaintiff reincorporates and realleges Paragraphs 1-4 above as if fully restated herein, and would further state:

5. On or about April 9, 2022, Defendant, WAL-MART, leased, rented, possessed, controlled, operated, and/or owned a building and/or property located at or near 8808 Beach Blvd. Jacksonville, Duval County Florida, and did supervise and maintain said property through its agent(s) and servants.

6. On or about April 9, 2022, Plaintiff, ZUSEL DIAZ MUNOZ, was an express or implied invitee of Defendant, WAL-MART.

7. On or about April 9, 2022, Plaintiff, ZUSEL DIAZ MUNOZ, was walking through the home goods and supplies aisle to purchase items for her new home. As Plaintiff was walking through the aisle, she was caused to slip and fall due to a sticky, dark, gelatinous liquid and/or a transitory foreign substance present on the store floor. As a result, she slipped and fell which caused her injury.

**COUNT I - NEGLIGENCE AGAINST DEFENDANT, WAL-MART**

Plaintiff reincorporates and realleges Paragraphs 1-7 above as if fully restated herein, and would further state:

8. At all times material hereto, Defendant, WAL-MART, by and through its employees and/or agents, owed a non-delegable duty of reasonable care to inspect, repair, and maintain the premises in a reasonably safe condition for the safety of invitees on the premises, which includes reasonable efforts to keep the premises free from conditions that might foreseeably give rise to loss, injury, or damage, to maintain safe means of ingress and egress, to design and maintain a premises free of transient foreign substances.

9. Defendant, WAL-MART, negligently failed to maintain its premises in a reasonably safe condition, negligently failed to correct a dangerous condition about which Defendant, WAL-MART, either knew or should have known, by the use of reasonable care, and/or negligently failed to warn, Plaintiff, ZUSEL DIAZ MUNOZ, of a dangerous condition about which Defendant, WAL-MART, had, or should have had, knowledge greater than that of, Plaintiff, ZUSEL DIAZ MUNOZ.

10. Defendant, WAL-MART, negligently failed to exercise reasonable care in the construction, maintenance, inspection, repair, warning, or mode of operation of the business premises by allowing the sticky, dark, gelatinous liquid and/or other transient liquids or substances to be present and to remain on the floor of its premises.

11. The dangerous condition was created by and/or known to Defendant, WAL-MART, or had existed for a sufficient length of time so that Defendant should have known of it.

12. As a result of Defendant, WAL-MART's negligence, Plaintiff, ZUSEL DIAZ MUNOZ, slipped and fell on the transient foreign substance.

13. As a result of the aforementioned fall, Plaintiff, ZUSEL DIAZ MUNOZ, suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, incurred expenses of hospitalization, medical, chiropractic and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition, disease or physical defect. ZUSEL DIAZ MUNOZ's losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, ZUSEL DIAZ MUNOZ, sues the Defendant, WAL-MART STORES EAST, LP, a Foreign Limited Partnership, for compensatory damages, costs and interest and demands trial by jury of all issues so triable as a matter of right.

**COUNT II - NEGLIGENCE AGAINST DEFENDANT, JOHN DOE**

Plaintiff reincorporates and realleges Paragraphs 1-13 above as if fully restated herein, and would further state:

14. Defendant, JOHN DOE, was present and also an employee, agent or assign of the Defendant, WAL-MART STORES EAST, LP's store on or about April 9, 2022.

15. On or about April 9, 2022, and at all material times hereto, the Defendant, JOHN DOE, owed a duty to exercise reasonable care to the Plaintiff.

16. One or about April 9, 2022, Defendant, JOHN DOE, specifically had duties as manager of the premises to ensure all procedures and protocols for maintenance and inspection of the premises were being followed and that the premises were safe and free of dangerous conditions which may cause injury to patrons such as Plaintiff, ZUSEL DIAZ MUNOZ.

17. Defendant, JOHN DOE, breached his/her duty of care to the Plaintiff.

18. At all times material hereto, Defendant, JOHN DOE, owed a non-delegable duty of reasonable care to inspect, repair, and maintain the premises in a reasonably safe condition for the safety of invitees on the premises, which includes reasonable efforts to keep the premises free from conditions that might foreseeably give rise to loss, injury, or damage, to maintain safe means of ingress and egress, to design and maintain a premises free of transient foreign substances or to warn patrons such as Plaintiff of any dangerous conditions on the premises.

19. Defendant, JOHN DOE, negligently failed to maintain its premises in a reasonably safe condition, negligently failed to correct a dangerous condition about which Defendant, JOHN

DOE, either knew or should have known, by the use of reasonable care, and/or negligently failed to warn, Plaintiff, ZUSEL DIAZ MUNOZ, of a dangerous condition about which Defendant, JOHN DOE, had, or should have had, knowledge greater than that of, Plaintiff, ZUSEL DIAZ MUNOZ.

20. Defendant, JOHN DOE, negligently failed to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises by allowing the sticky, dark, gelatinous liquid and/or other transient liquids or substances to be present and to remain on the floor of the premises.

21. The dangerous condition was created by and/or known to Defendant, JOHN DOE, or had existed for a sufficient length of time so that Defendant should have known of it.

22. As a result of Defendant, JOHN DOE's negligence, Plaintiff, ZUSEL DIAZ MUNOZ, slipped and fell on the transient foreign substance.

23. As a result of the aforementioned fall, Plaintiff, ZUSEL DIAZ MUNOZ, suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, incurred expenses of hospitalization, medical, chiropractic and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition, disease or physical defect. ZUSEL DIAZ MUNOZ's losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, ZUSEL DIAZ MUNOZ, sues the Defendant, JOHN DOE, for compensatory damages, costs and interest and demands trial by jury of all issues so triable as a matter of right.

**STEINGER, GREENE & FEINER, P.A.**
2727 N.W. 62nd Street
Fort Lauderdale, FL 33309
Telephone: (954) 491-7701
Facsimile: (954) 492-5642
Email: apapero@injurylawyers.com
cskuratovskiy@injurylawyers.com
Attorneys for Plaintiff

*/s/ Aaron M. Papero, Esq.*
Aaron M. Papero, Esquire
Florida Bar No.: 59782